UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Carl Stelter and
Randi Clarissa Stelter,

      Plaintiffs,

v.                                                        MEMORANDUM OPINION
                                                            AND ORDER
                                                            Civil No. 10-3764

U.S. Bank, a National
Association, as Trustee for
Deutsche Alt-A Securities
Mortgage Loan Trust Series 2007-2,

      Defendant.
_____

      Plaintiffs are *pro se*.

      Charles F. Webber and Erika L. Toftness, Faegre & Benson LLP, for and on behalf of Defendant.
_____

      Plaintiffs brought this action in state court on July 9, 2010, seeking to quiet title to the property located at 21685 Boulder Creek Drive, Lakeville, MN. Plaintiffs assert in their Complaint that they have executed their legal right to rescind the mortgage on said property, as Defendant has violated federal and state laws as outlined in the Mortgage Document Examination & Investigation Report prepared by Charles J. Horner & Associates. (Ex. 1 to Complaint)

1

Plaintiffs seek injunctive relief in the form of an order enjoining Defendant from putting a lien on the property, seeking title to the property, in fee simple, and ordering Defendant to comply with the Truth in Lending Act.

On July 30, 2010, Plaintiffs filed for Chapter 7 bankruptcy. (See Bankruptcy Petition No. 10-35610.)

In lieu of filing an answer to the Complaint, Defendant has moved to dismiss the Complaint. Defendant asserts that as Plaintiffs have filed for bankruptcy, they no longer have standing to bring the claims asserted in their Complaint. Rather, those claims belong to the bankruptcy estate. In response to the motion to dismiss, Plaintiffs filed a motion for voluntary dismissal of their bankruptcy petition. The Bankruptcy Court denied the motion by order dated December 6, 2010.

**Standard for Motion to Dismiss for Lack of Standing**

Where a plaintiff does not have standing to assert the claims within the complaint, the Court does not have subject matter jurisdiction. Accordingly, such claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

> In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to

2

jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). In a factual challenge, the Court may examine evidence outside of the complaint. Id. Plaintiffs bear the burden of proving that jurisdiction exists. Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

In this case, there is no dispute that Plaintiffs filed a petition for Chapter 7 Bankruptcy, and that such petition is pending. When a debtor files for bankruptcy, the Bankruptcy Code creates a bankruptcy estate that succeeds to all of the debtor's interests in property at the time the petition is filed, including any claims that the debtor had at the time the petition was filed. 11 U.S.C. § 541(a)(1); Fix v. First State Bank of Roscoe, 559 F.3d 803, 809 (8th Cir. 2009). The effect of this statute is that a debtor can no longer bring an action on a claim that arose at the time the bankruptcy petition was filed, unless the claim has been abandoned by the bankruptcy trustee. Vreugdenhill v. Hoekstra, 773 F.2d 213, 215 (8th Cir. 1985).

In this case, the Complaint was filed prior to the commencement of the bankruptcy proceeding, thus there is no question that the claims existed at the

time the Bankruptcy Petition was filed. As a result, the claim belongs to the bankruptcy estate and the bankruptcy trustee is the only one with standing to bring such claim. See also, Moses v. Howard Univ. Hosp., 606 F.3d 789, 795 (D.C. Cir. 2010) (finding that the commencement of a Chapter 7 bankruptcy extinguishes a debtor's legal rights in pending litigation, and transfers those rights to the trustee). Further, there is no indication that the trustee has abandoned the claim involved here.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. Nos. 7 and 17] is GRANTED. This matter is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: December 13, 2010

                                                 s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court